### GRIFFITH et al. v. SANDLER.

### No. 1367.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 17, 1953.

Decided Sept. 11, 1953.

———◆———

Jeff Busby, with whom Jeff Busby, Jr., Washington, D. C., was on the brief, for appellants.

Mark P. Friedlander, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants Griffith sued Bernard and Bertha Goldberg and Jacob Sandler for alleged abuse of civil process. Sandler moved to dismiss on the ground that with respect to him the complaint failed to state a claim upon which relief could be granted. This appeal is from an order granting his motion to dismiss.

Although not raised by appellee, we are confronted with the question of the appealability of the order. Municipal Court rule 54(b), substantially the same as Fed. R.Civ.P. 54(b), 28 U.S.C.A., provides that, when more than one claim for relief is presented in an action, final judgment may be entered on one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction the order is not final, but is subject to revision at any time before entry of judgment adjudicating all of the claims.

The complaint here made claims against three defendants, but the order of dismissal related to only one defendant. The court did not make the express determination and direction required by the rule for entry of final judgment. The order is therefore not appealable. Felder v. D. Loughran Co., 88 U.S.App.D.C. 139, 188 F. 2d 623.[1]

Appellants argue that rule 54(b) is not applicable to the situation presented here because at the time Sandler's motion to dismiss was granted he was the only defendant who had been served with process and there was then no assurance that either of the other two defendants would ever be brought within the jurisdiction of the court. Therefore, appellants conclude, a dismissal as to the only defendant before the court must of necessity be considered a final and appealable order. The rule makes no such exception. Had there been a showing to the trial court that service on the other defendants was likely improbable or might be indefinitely delayed, the court might well have taken that as sufficient reason for making the determination and direction necessary for entry of final judgment. No

1. See also Silverstein v. Davis, D.C.Mun. App., 91 A.2d 716 and cases there cited.

such showing appears to have been made and it was stipulated at oral argument here that shortly after this appeal was taken the defendant Bernard Goldberg was served and has appeared and answered the complaint. This appeal is thus from an order adjudicating one but not all of the claims involved in the action, and under the rule such order is not final and appealable.

Appeal dismissed.