**Bruce K. REDDING, Appellant,**

v.

**John WALSH, Magistrate and Edward Cohen, Constable.**

**No. 18179.**

United States Court of Appeals, Third Circuit.

Submitted under 3d Cir. Rule 12(6) Sept. 23, 1971.

Decided Oct. 6, 1971.

**1302**

Joseph V. Cygan, Norristown, Pa., for appellant.

Gilbert I. Yaros, Kremer, Krimsky & Luterman, Philadelphia, Pa. (I. Raymond Kremer, Philadelphia, Pa., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

■■ This appeal from an order dismissing a civil rights action against one of two co-defendants without "an express determination that there is no just reason for delay and * * * an express determination for the entry of judgment" under F.R.Civ.P. 54(b) is not within the jurisdiction of this court and must be dismissed. Shipley Corp. v. Leonard Marcus Co., 214 F.2d 493, 495 (3d Cir. 1954); see United Bonding Insurance Company v. Stein, 410 F.2d 483 (3d Cir. 1969); 6 Moore, Federal Practice (2d Ed.), § 54.34(2), pp. 245–46. It is also noted that the co-defendant in whose favor the above order was entered was a state judicial officer and, hence, is immune from suit under the Civil Rights Acts. See Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966).[1]

The appeal will be dismissed.

---

1. There was no absence of subject matter jurisdiction on the part of the judicial officer. Even though the complaint alleged "violation of constitutional rights and * * * [deprivation] of the freedom of his person without due process of law," as well as "a malicious purpose and intent and a wanton disregard for [plaintiff's] constitutional rights," the Supreme Court of the United States has said in Pierson v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967):

> "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in Bradley v. Fisher, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

> "We do not believe that this settled principle of law was abolished by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights."