**Harlan LANE, Appellant,**

v.

**Douglas GRAVES et al., Appellees.**

**No. 75–1188.**

United States Court of Appeals,
Eighth Circuit.

June 10, 1975.

Charles L. "Chuck" Honey, Prescott, Ark., filed appendix and brief for appellant.

Alston Jennings and Philip S. Anderson, Little Rock, Ark., filed brief for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Pursuant to a district court order, Harlan Lane and other individual plaintiffs filed a complaint on March 29, 1973, amending and consolidating three separate diversity actions against Union National Bank, La-Co, Inc., and six individual defendants, in which they sought compensatory and punitive damages in amounts exceeding $10,000. The amended and consolidated complaint contained five claims for relief, the most pertinent of which sought relief in favor of Lane as an individual.

On April 29, 1974, the district court granted the plaintiffs' motion to join the appellee Douglas Graves as an additional party defendant in the claim cited above. The appellee did not oppose the plaintiffs' motion, but rather, on July 19, 1974, he moved to dismiss the complaint as to him on the ground the action against him was barred by the applicable state statute of limitations. The district court agreed and on January 29, 1975, it dismissed the complaint against the appellee, leaving the complaint outstanding as to the remaining defendants. It is from this order that Lane has appealed.

■ Although the jurisdiction of this court has not been questioned by the parties, this court has a duty "to satisfy itself as to its jurisdiction to consider an appeal . . . ." Stewart v. Bishop, 403 F.2d 674, 677 (8th Cir. 1968); see, e. g., United States v. June, 503 F.2d 442, 444–445 (8th Cir. 1974). The record in this case reveals that Lane's appeal is premature. The district court's judgment was interlocutory since it resolved the rights and liabilities of fewer than all the parties to the action and the district court did not make (1) "an express determination that there is no just reason for delay" and (2) "an express direction for the entry of judgment." Fed.R.Civ.P. 54(b); 28 U.S.C. § 1291. See, e. g., Wooten v. First National Bank, 490 F.2d 1275, 1276 (8th Cir. 1974); 6 J. Moore, Federal Practice ¶¶ 54.28 and 54.34[2.–2] (2d ed. 1974). Thus this court lacks jurisdiction.

Accordingly, the appeal is dismissed.