**Richard DIXON, and Alton Reese, et al., Appellants,**

v.

**AM GENERAL CORPORATION, Appellee.**

Nos. 81–309, 81–482.

District of Columbia Court of Appeals.

Jan. 5, 1983.

Before NEBEKER, MACK and BELSON, Associate Judges.

PER CURIAM:

On this purported appeal from an order of the trial court which dismissed appellants' complaints, we consider whether, when civil actions have been consolidated by the trial court and the trial court enters an order which disposes of the claims of one or more but fewer than all of the parties, such an order is appealable in the absence of a Rule 54(b) certificate from the trial

judge. We hold that, under such circumstances, consolidation pursuant to Super.Ct. Civ.R. 42(a) triggers the certification requirement of Rule 54(b) as a prerequisite to appeal in this court. Accordingly, we dismiss this appeal on the ground that the trial court's order of dismissal lacks the finality necessary for appeal as the court neither entered judgment for appellees nor certified the appealability of this order.

Appellants, bus operators employed by the Washington Metropolitan Area Transit Authority, were injured in August, September and October of 1974 by allegedly defective bus destination signs installed in buses manufactured by appellee. In August and September of 1977 appellants filed complaints in the United States District Court for the District of Columbia alleging that appellee was negligent and breached the implied warranty of merchantability in the manufacture and design of the buses. The parties dismissed these claims voluntarily in January 1978 at the suggestion of the District Court, without prejudice to refiling in the Superior Court of the District of Columbia, in light of the substantial local interest in the subject matter of this litigation. Shortly thereafter, appellants refiled their complaints in the Superior Court. Upon appellants' motion, the five complaints, together with similar claims filed by three other plaintiffs against appellee, were consolidated by the trial court pursuant to Super.Ct.Civ.R. 42(a).

In May 1980 appellee moved to dismiss the eight consolidated complaints. The trial court dismissed the five complaints filed by appellants by an order of December 1980 which neither certified that the dismissal was appealable nor entered judgment for appellee with respect to these claims.

Superior Court Civil Rule 54(b) provides that when an action involves multiple claims or parties, "any order ... however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not final and appealable in the absence of (1) a determi-

nation by the trial court that there is no just cause to delay an appeal and (2) entry of judgment. At issue in the instant case is whether formal consolidation (pursuant to Super.Ct.Civ.R. 42(a)) rendered appellants' individual claims (and the three claims with which they were consolidated) an action involving multiple claims or parties within the meaning of Rule 54(b), thus triggering the certification requirement as a prerequisite to appeal in this court.

While this is a question of first impression in this jurisdiction, this court has previously considered whether other configurations of parties and pleadings constitute actions involving multiple claims or parties within the meaning of Rule 54(b), and we have dismissed as premature appeals from orders in such actions which lacked the trial court's Rule 54(b) certificate. *See, e.g., Exton v. General Electric Credit Corp.,* D.C. App., 291 A.2d 706, 707–08 (1972) (dismissal of third party complaints not appealable absent trial court's Rule 54(b) certificate); *Griffith v. Sandler,* D.C.Mun.App., 99 A.2d 194, 194–95 (1953) (where complaint names multiple defendants, dismissal as to one defendant not appealable absent trial court's Rule 54(b) certificate).

We are guided in resolving this issue by the decisions of courts of other jurisdictions which have addressed this question.

> Although it is usually said that consolidated actions do not lose their separate identity, a state court has reasoned very persuasively that they should be treated as a single action for purposes of Rule 54(b), and that a judgment in the consolidated cases that does not dispose of all claims and all parties is appealable only if certified as that rule requires. [C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2386 (1971) (footnotes omitted).]

In *State ex rel. Pacific Intermountain Express, Inc. v. District Court,* 387 P.2d 550 (Wyo.1963), thirty-three separate suits filed against two defendants arose from a single collision. The trial court consolidated[2] the

---

**2.** Rule 42(a), W.R.C.P. provides for consolidation of separate claims under conditions similar to those specified in FED.R.CIV.P. 42(a) and Super.Ct.Civ.R. 42(a).

cases for the purpose of deciding the issue of liability; following adjudication of this issue the court proceeded to try successively each of the thirty-three claims on the issue of damages. Prior to the conclusion of these trials, various individual parties to the consolidated cases sought writs of mandamus from the Supreme Court of Wyoming when the trial court refused to enter judgments in their favor. The court acknowledged that the parties' claims that the consolidated cases were not "multiple claims" within the meaning of Rule 54(b), W.R.C.P.[3] were

> literally . . . correct, [but held that] from a practical standpoint the consolidation of the various actions for trial even though it be on a single issue results in a number of claims which are considered for that purpose as one. . . . [T]herefore, . . . Rule 54(b) is applicable in such situations although the matter is not spelled out in detail. [*Id.* at 552.][4]

Thus, the court held that although consolidation does not merge suits into

> a single action so far as ultimate relief is concerned, . . . it must for the purposes of effective administration of justice consolidate them to such an extent that they may be handled as one upon . . . appeal where such effect has been given in the trial court. . . . If this were not so, an appellate court might be called·upon to review piecemeal numerous cases which were in the principal aspects identical and during such period the various parties interested in the litigation would be subject to much confusion in attempting to comply with the requisite steps in appeal. It is, of course, conceivable that there would be exceptional circumstances which might influence the trial court to certify that there was no cause for delay in entering the final judgment and thus permit an appeal, but the propriety of such arrangement can best be determined by the court which tried the case. [*Id.*]

The courts of Maryland, on the other hand, have interpreted Maryland's Rule 605(a), which is nearly identical to FED.R. CIV.P. 54(b) and Super.Ct.Civ.R. 54(b), to require a certificate of appealability from the trial court only when separate claims are consolidated in order to avoid inconsistent adjudications on common issues of law and fact. Certification has been held unnecessary where consolidation is based solely on convenience. *Compare Leach v. Citizens Bank of Maryland,* 17 Md.App. 391, 302 A.2d 634 (1973) *with Coppage v. Resolute Insurance Co.,* 264 Md. 261, 285 A.2d 626 (1972).

In *Leach,* the plaintiff filed two separate but virtually identical suits, based on a single occurrence, one against four defendants and the other against nineteen defendants. The cases were consolidated to ensure consistent adjudications on common issues of law and fact. Following consolidation, the trial court granted summary judgment in favor of the group of nineteen defendants. The Court of Special Appeals held that, under these circumstances, appeal of the summary judgment order before adjudication of the remaining claims would have been premature in the absence of a certificate of appealability from the trial court.

In *Coppage,* on the other hand, two distinct transactions between two parties gave rise to two separate actions, which were consolidated by the trial court as a matter of convenience. Following dismissal of the complaint in one of the two consolidated cases, Coppage appealed the order of dismissal. On appeal, the court held that, although the trial court had not certified that its order was appealable in accordance with Rule 605(a), the appeal was not premature since the cases had been consolidated only in the interest of convenience.

We hold that formal consolidation of individual claims pursuant to Super.Ct.

---

**3.** Rule 54(b), W.R.C.P. is substantially similar to FED.R.CIV.P. 54(b) and Super.Ct.Civ.R. 54(b).

**4.** *But cf. Jones v. Den Norske Amerikalinje A/S,* 451 F.2d 985, 986–87 (3d Cir.1971) (alternative holding) (where cases were not consolidated for all purposes but only for trial, and separate judgment was entered in favor of one party, such judgment "probably is final and hence appealable . . .").

Civ.R. 42(a) transforms otherwise individual claims into an action involving multiple parties and claims within the meaning of Super.Ct.Civ.R. 54(b) and, therefore, that any order which disposes of fewer than all the claims and/or parties is not appealable in the absence of a Rule 54(b) certificate from the trial court. We find that the distinction which the Maryland courts have drawn between consolidations effected for convenience and those effected to ensure consistent adjudications of law and fact is an appropriate factor to consider in determining whether such orders should be appealable before all consolidated claims have been adjudicated. However, we hold that it is the trial court, not this court, which must make this determination. *See State ex rel. Pacific Intermountain Express, supra* at 552 ("the propriety of such an arrangement can best be determined by the court which tried the case"). In determining whether a particular order should be certified as appealable, the trial court should therefore consider whether the cases were consolidated for convenience or to ensure consistent factual and legal determinations, and whether appeal should be allowed in the interests of judicial economy and justice before the remaining claims are adjudicated. *See id.; Leach, supra; Coppage, supra.* Its determination in this regard would itself be an interlocutory and unappealable order.

Turning to the instant case, the trial court order which dismissed appellants' claims neither certified appealability nor entered judgment for appellees. We therefore dismiss these appeals without prejudice to the rights of appellants to seek certification of appealability and entry of judgment from the trial court pursuant to Super.Ct. Civ.R. 54(b) or for further proceedings after final judgment.

*So ordered.*