**Clifford W. DYHOUSE, et al.,
Appellants,**

v.

**Warren BAYLOR and Eastern Cab
Company, Inc., Appellees.**

**No. 82–147.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 1982.

Decided Jan. 24, 1983.

Mark F. Werblood, Arlington, Va., was on the brief for appellants.

Leonard J. Bonner, Accokeek, Md., was on the brief for appellee Eastern Cab Company, Inc.

Before KELLY and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellants noted this appeal from an order of the Superior Court granting a motion for summary judgment filed by Eastern Cab Company, Inc., one of two defendants in this case. The trial court did not make either "an express determination that there [was] no just reason for delay" or "an express direction for the entry of judgment" on appellants' claim against Eastern Cab, pursuant to Super.Ct.Civ.R. 54(b).[1] Our ex-

---

**1.** Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim,

amination of the Superior Court file, of which we may take judicial notice,[2] reveals that the case against the other defendant, Warren Baylor, is still pending and that a hearing involving appellants' claim against Baylor is scheduled for a date in the near future.

In the absence of the requisite determination and direction under Rule 54(b), an order disposing of claims against fewer than all of the parties is not appealable. We therefore have no jurisdiction to consider this appeal, and it must be dismissed. *Griffth v. Sandler*, 99 A.2d 194 (D.C.1953); *see Clark v. United States*, 624 F.2d 3 (2d Cir.1980); [3] *Lane v. Graves*, 518 F.2d 965 (8th Cir.1975); *General Motors Corp. v. Dade Bonded Warehouse, Inc.*, 498 F.2d 327 (5th Cir.1974); *Balsbaugh v. City of Westland*, 458 F.2d 1358 (6th Cir.1972); *Redding v. Walsh*, 449 F.2d 1301 (3d Cir.1971); *cf. Dixon v. AM General Corp.*, 454 A.2d 1357, 1358, (D.C.1983).

*Appeal dismissed.*

counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. *See Coleman v. Burnett,* 155 U.S.App.D.C. 302, 313 & n. 50, 477 F.2d 1187, 1198 & n. 50 (1973).

3. The Superior Court rule is identical to FED.R. Civ.P. 54(b). Therefore, as we have repeatedly held, we may look to federal court decisions interpreting the federal rule "as persuasive authority in interpreting [the Superior Court rule]." *Vale Properties, Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 13 n. 1 (D.C.1981) (citations omitted); *see, e.g., Bazata v. National Insurance Co.,* 400 A.2d 313, 314 n. 1 (D.C. 1979); *Campbell v. United States,* 295 A.2d 498, 501 (D.C.1972).