METROPOLITAN BAPTIST CHURCH, INC., Appellant,

v.

Michael MINKOFF, et al., Appellees.

No. 82–741.

District of Columbia Court of Appeals.

Argued May 5, 1983.

Decided June 16, 1983.

Melvin J. Washington, Washington, D.C., for appellant.

Bernard J. Carl, Washington, D.C., for appellees.

Before KERN, NEBEKER and TERRY, Associate Judges.

PER CURIAM:

Appellant noted this appeal from an order granting appellees' motion for summary judgment on appellant's amended complaint. In their answer to that complaint, appellees had made two counterclaims, which were not resolved by the motion for summary judgment but were still pending before the trial court at the time the notice of appeal was filed. We were advised by counsel at oral argument that the counterclaims have been held in abeyance to await the outcome of this appeal.

The trial court did not make either "an express determination that there [was] no just reason for delay" or "an express direction for the entry of judgment" on appellees' motion, pursuant to Super.Ct.Civ.R. 54(b).[1] Without such determination and direction, the order granting the motion for summary judgment is not final and appealable because the counterclaims are still pending. This appeal must therefore be dismissed for lack of jurisdiction. *See, e.g., TMA Fund, Inc. v. Biever,* 520 F.2d 639 (3d Cir.1975);[2] *cf. Dyhouse v. Baylor,* 455 A.2d 900 (D.C.App.1983) (order granting summary judgment for one of two defendants not appealable without certification under Rule 54(b)); *Dixon v. AM General Corp.,* 454 A.2d 1357 (D.C.App.1983) (order dismissing five of eight consolidated complaints not

1. Rule 54(b) provides:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of few-

er than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. Because the Superior Court rule is identical to Fed.R.Civ.P. 54(b), we may look to federal court decisions interpreting the federal rule as "persuasive authority in interpreting [the Superior Court rule]." *Vale Properties, Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 13 n. 3 (D.C. App.1981) (citations omitted).

appealable without certification under Rule 54(b)).

*Appeal dismissed.*