Bernard COHEN, Appellant,

v.

OWENS & COMPANY, INC., et al., Appellees.

No. 82–1432.

District of Columbia Court of Appeals.

Argued April 21, 1983.

Decided July 7, 1983.

As Amended Aug. 31, 1983.

Helen E. Marmoll, Washington, D.C., for appellant.

John R. Keys, Jr., Washington, D.C., with whom Hurd Baruch and Edward F. Gerwin, Jr., Washington, D.C., were on the brief, for appellees.

Before NEBEKER, PRYOR and TERRY, Associate Judges.

TERRY, Associate Judge:

This is an appeal from an order of the trial court granting partial summary judgment in favor of the appellees, Oil Well Equipment 1980 Limited Partnership (hereinafter "Oil Well") and Owens & Company, Inc. Appellant challenges that order on several grounds. We dismiss the appeal for lack of jurisdiction.

## I

Oil Well is a limited partnership comprised of one general partner, Owens & Company, and eighteen limited partners, including appellant Cohen. This litigation arises from the actions of appellant and some of the other limited partners to replace Owens & Company as a general partner with Cohen, in apparent violation of the partnership agreement. Appellees filed a complaint alleging that appellant had interfered with the contractual relationships of Oil Well. The complaint sought damages as well as dissolution of the partnership. Appellant filed an answer and counterclaim alleging instances of mismanagement, fraud, misrepresentation, and incompetence on the part of Owens & Company, along with a claim for a breach of fiduciary duty based on asserted violations of federal securities laws.

Appellees filed a motion for partial summary judgment, seeking a declaration that Owens & Company was the sole legitimate general partner in Oil Well and that any action by appellant or other limited partners to replace Owens & Company as general partner was null and void. Appellant responded with an opposition and a cross-motion for partial summary judgment on the same issue.[1] Both motions were supported by affidavits. The trial court, after a hearing, entered an order granting appellees' motion, which it then stayed pending the outcome of this appeal. The court did not make either "an express determination that there [was] no just reason for delay" or "an express direction for the entry of judgment" on appellees' motion, pursuant to Super.Ct.Civ.R. 54(b),[2] nor did appellant ever request the court to do so.

## II

The trial court's order established only that Owens & Company was the sole legitimate general partner and that appellant's attempt to oust it was ineffective. Hence only one part of one claim was decided, that being the issue of who was the general partner. In no way did the court's order fully decide any, let alone all, of the claims between the parties. Two of the unresolved claims were by appellees for damages arising from appellant's alleged interference with their contractual relationships and for dissolution of the partnership. Appellant also had several claims pending for various business torts, breach of fiduciary duty, and an accounting. For appellant to assert as he does that all of these claims were necessarily decided by the trial court's ruling is, to say the least, remarkable—especially when that ruling is, under Rule 54(b), "subject to revision at any time" before the entry of final judgment.

An order granting partial summary judgment as to a single issue in a case is not a final, appealable order. *Gomez v. Turner,* 217 U.S.App.D.C. 281, 285 n. 5, 672 F.2d 134, 138 n. 5 (1982); *Acha v. Beame,* 570 F.2d 57, 62–63 (2d Cir.1978); *Gray Line Motor Tours, Inc. v. City of New Orleans,* 498 F.2d 293, 295 (5th Cir.1974); *Fidelity &*

1. Super.Ct.Civ.R. 56(a) gives to any party "seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment" the right to move "for a summary judgment in his favor upon all *or any part thereof*" (emphasis added). Super.Ct.Civ.R. 56(b) bestows the same right on any party "against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought. . . ."

2. Rule 54(b) provides:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Casualty Co. v. Carll Ramagosa, Inc.*, 365 F.2d 303 (3d Cir.1966); *Leonard v. Socony-Vacuum Oil Co.*, 130 F.2d 535, 536 (7th Cir.1942). This was made abundantly clear by the Advisory Committee on Rules in its discussion of FED.R.CIV.P. 56(d),[3] which sets forth the procedures to be followed by a trial court in ruling on a motion for partial summary judgment:

> Rule 54(c) defines "judgment" as including a decree and "any order from which an appeal lies." Subdivision (d) of Rule 56 indicates clearly, however, that *a partial summary judgment is not a final judgment, and, therefore, that it is not appealable,* unless in the particular case some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact.

5 F.R.D. 433, 475 (1946) (emphasis added).

■ Appellant argues that because the issue decided by the trial court was of great importance to the outcome of the case, appellate review is appropriate at this juncture. He cites no authority to support this assertion, and, to our knowledge, none exists. The fact that the issue before the court on a motion for partial summary judgment is important, or even critical to the disposition of the case, is of no legal consequence in deciding the question of appellate jurisdiction. Simply put, appellate review of an order granting partial summary judgment is not available until *all* the claims, counterclaims, cross-claims, and third-party claims in the case have been decided, unless the trial court follows Rule 54(b) to the letter and makes· the necessary certification, or unless the order is otherwise appealable under a specific statute.[4]

■ The importance of a Rule 54(b) certification should not be underestimated. The decision to certify a case under Rule 54(b) is entrusted to the sound discretion of the trial court, which must weigh in the balance several factors, some of which are often in tension, if not outright conflict. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7–13, 100 S.Ct. 1460, 1464–1466, 64 L.Ed.2d 1 (1980). That discretion was not even invoked in this case. Even if it had been, it does not appear that certification would have been possible, for the order granting partial summary judgment did not decide an entire claim but only a single issue, albeit a major issue underlying several of the pending claims and directly pertinent to one. *See Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Acha v. Beame, supra*, 570 F.2d at 62; *Aetna Casualty & Surety Co. v. Giesow*, 412 F.2d 468, 470 (2d Cir.1969) ("the partial adjudication of a single claim is not appealable regardless of whether there is a Rule 54(b) certificate ...").

### III

This is at least the fourth appeal in the last six months which we have had to dis-

---

3. Super.Ct.Civ.R. 56, in its entirety, is identical to FED.R.CIV.P. 56. We have repeatedly held that when a local rule and a federal rule are the same, we may look to federal court decisions interpreting the federal rule as "persuasive authority in interpreting [the local rule]." *Vale Properties, Ltd. v. Canterbury Tales, Inc.*, 431 A.2d 11, 13 n. 3 (D.C.1981) (citations omitted). By the same token, we may consider the Advisory Committee Notes on the federal rules as offering guidance in construing the local rules. Although these notes are not binding even on the federal courts, *C.J. Wieland & Son Dairy Products Co. v. Wickard*, 4 F.R.D. 250, 252 (E.D.Wis.1945), they are entitled to "great respect." *United States v. 720 Bottles Labeled 2 Fl. Oz. Plantation Pure Vanilla Extract*, 3 F.R.D. 466, 467 (E.D.N.Y.1944); *see Mississippi Publishing Co. v. Murphree*, 326 U.S. 438, 444–445, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946); 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1029, at 131–132 (1969).

4. *E.g.*, D.C.Code § 11–721(a)(2) (1981), which authorizes appeals from certain types of interlocutory orders.

miss on jurisdictional grounds for non-compliance with Rule 54(b).[5] This fact suggests to us that the bar in general is not as familiar with that rule as it should be. Before rushing to file a notice of appeal from a trial court order that does not completely terminate a case, counsel should stop to consider whether the order is appealable. Patently dismissible appeals place an unnecessary and unwarranted burden on an already overburdened court.

We are particularly disappointed in this case by appellees' failure to file a motion to dismiss the appeal before the briefs were filed. Such a motion would have been considered by a two-judge motions division, involving a third judge only if the first two could not agree. *See* D.C. APP. INTERNAL OPERATING PROCEDURES § IV (1983). Instead, the parties have allowed this case to go to full briefing and argument, needlessly increasing the court's workload and expending a great deal of their own effort in the process—and, incidentally, delaying by several months the ultimate resolution of this case in the trial court. Summary disposition of an appeal by motion, when available, should be utilized. The filing of a motion to dismiss in this case would have saved a great deal of time and energy, not only for the court but for all counsel. *See Coleman v. United States,* 414 A.2d 528, 530 (D.C. 1980).

We trust that the bar will take heed and be more attentive to Rule 54(b) in the future.

*Appeal dismissed.*

---

**5.** *See Dixon v. AM General Corp.,* 454 A.2d 1357 (D.C.1983); *Dyhouse v. Baylor,* 455 A.2d 900 (D.C.1983); *Metropolitan Baptist Church, Inc. v. Minkoff,* 462 A.2d 460 (D.C.1983).