Howard L. JONES, et al., Appellants,

v.

**AMERICAN EXPRESS COMPANY, Appellee.**

No. 83–1336.

District of Columbia Court of Appeals.

Submitted Nov. 20, 1984.

Decided Dec. 21, 1984.

---

Asberry B. Butler, Jr., Washington, D.C., was on the brief for appellants.

No brief was filed by appellee. Michael J. Friedman, Rockville, Md., entered an appearance for appellee.

Before TERRY and ROGERS, Associate Judges, and GALLAGHER, Associate Judge, Retired.

TERRY, Associate Judge:

This is an appeal from an order of the trial court dismissing appellants' counterclaim. Because appellee's original claim against appellants is still pending in the trial court, we dismiss the appeal for lack of jurisdiction.

## I

Appellee sued appellants, Howard and Mary Jones, for $1,902.87, the balance due and owing on their American Express card account, plus attorney's fees. Appellants filed an answer raising several defenses, as well as a counterclaim against American Express seeking damages for, among other things, intentional infliction of emotional distress and invasion of privacy.

American Express filed a motion to compel discovery. When appellants did not oppose it, the court entered an order granting the motion and directing appellants to produce certain documents by November 15, 1982. Appellants did not comply with the order, so on January 7, 1983, American Express filed a motion for sanctions, requesting that appellants' answer and counterclaim be dismissed. Appellants did not respond to that motion either, and on February 18 the court granted it and struck appellants' answer and counterclaim without prejudice.[1]

On April 11 appellants filed a motion to set aside the order dismissing their counterclaim, which the court denied on August 16. A motion to reconsider that denial, filed on August 24, was denied on October 7. Appellants filed their notice of appeal on October 21.

## II

In *Metropolitan Baptist Church, Inc. v. Minkoff*, 462 A.2d 460 (D.C.1983), the defendants noted an appeal from an order

1. Super.Ct.Civ.R. 37(b)(2) authorizes such a sanction for failure to comply with an order compelling discovery. It also authorizes the court to award "reasonable expenses, including attorney's fees, caused by the failure [to obey the order]." In this instance the trial court awarded attorney's fees of $250.

granting summary judgment for the plaintiff. In their answer to the complaint, the defendants had made two counterclaims, which were not disposed of by the motion for summary judgment but were still pending before the trial court when the notice of appeal was filed. Because the trial court did not make either "an express determination that there [was] no just reason for delay" or "an express direction for entry of judgment," as required by Super.Ct. Civ.R. 54(b),[2] we dismissed the appeal for lack of jurisdiction. "Without such determination and direction," we held, "the order granting the motion for summary judgment is not final and appealable because the counterclaims are still pending." *Id.* at 460 (citations omitted).

■ The same principle applies here and requires us to dismiss this appeal also for lack of jurisdiction. Since the original claim of American Express against these appellants remains pending in the trial court, the order dismissing appellants' counterclaim is not appealable without the certification required by Rule 54(b). The trial court did not make such a certification in this case, nor was it asked to do so. Appellants must therefore wait until a final judgment has been entered, concluding the entire case, before they may seek appellate review of the order dismissing their counterclaim.

■ We take occasion once again[3] to remind the bar that strict compliance with Rule 54(b) is an absolute necessity. An order dismissing a counterclaim is not appealable as long as the original claim (or any other claim, counterclaim, or cross-claim) is still pending in the trial court, "unless [that] court follows Rule 54(b) to the letter and makes the necessary certification, or unless the order is otherwise appealable under a specific statute." *Cohen v. Owens & Co., supra* note 3, 464 A.2d at 906 (footnote omitted).

Because part of this case is still pending in the trial court, and because the trial court made no Rule 54(b) certification, we lack jurisdiction to entertain this appeal. It must therefore be

*Dismissed.*[4]

**2.** Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**3.** *See Cohen v. Owens & Co.,* 464 A.2d 904, 906–907 (D.C.1983).

**4.** Even if there had been a Rule 54(b) certification, we would lack jurisdiction for another reason. Appellants purport to bring this appeal from the order of October 7, 1983, denying their motion to reconsider the earlier order denying their motion to set aside the dismissal of their counterclaim. We have repeatedly held that the denial of a motion for reconsideration is not appealable. *E.g., Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 45 (D.C.1978); *901 Corp. v. A. Sandler Co.,* 254 A.2d 411, 412 (D.C. 1969). Appellants' brief makes clear, however, that they are really challenging not the October 7 order but the original order of February 18 which dismissed their counterclaim. This appeal would arguably be timely only if the motion for reconsideration had been filed within ten days from the entry of that order. *Coleman, supra,* 388 A.2d at 47. Since neither the April 11 motion to set aside the earlier order nor the August 24 motion to reconsider was filed within that ten-day period, the appeal would be untimely—and thus we would have no jurisdiction to hear it—even if the February 18 order were otherwise appealable.