**Nansie WORD, et al., Appellants,**

v.

**Tibor HAM, et al., Appellees.**

No. 84–900.

District of Columbia Court of Appeals.

Argued April 9, 1985.

Decided July 17, 1985.

---

Wendell P. Gardner, Jr., Washington, D.C., for appellants.

Mark B. Sandground, Washington, D.C., for appellees. Donald T. Cheatham, Fairfax, Va., entered an appearance for appellees.

Before MACK and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

The narrow issue raised by this appeal is whether the trial court erred in finding that no genuine issues of material fact existed and that appellees were, therefore, entitled to judgment, as to liability, as a matter of

law. We conclude it did and therefore reverse.[1]

In September of 1974, appellants entered into an installment land sales contract to purchase from appellees a multi-family apartment complex. The pertinent provisions of the financial arrangements provided for monthly installment payments of $2,847.46 on the first deed of trust and $669.16 on a new purchase money note. Appellants made regular installment payments through July of 1983. Thereafter, appellants failed to make the required payments, and appellees filed suit in December of 1983.

Appellees sought relief in six counts: (1) damages for the purchase price, plus attorney's fees and costs; (2) rescission of the contract; (3) ejectment; (4) an order quieting title; (5) mesne profits; and (6) a vendor's lien. Appellants filed a countersuit seeking restitution of payments made under the contract.

■ The trial court granted appellees' motion for summary judgment, and this appeal followed.[2]

■ Our function in reviewing the court's order is to determine, in light of "the pleadings, depositions, admissions on file and affidavits," *McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1259 (D.C.1983), whether a factual issue did exist which would preclude the grant of summary judgment. *Dresser v. Sunderland Apartments Tenants Association*, 465 A.2d 835 (D.C.1983).

In their breach of contract complaint, appellees alleged appellants "failed to pay the trust payment to plaintiffs, the note payments and the District of Columbia *water bill* owing in excess of Fifty Thousand Dollars ($50,000)" [emphasis added]. The complaint further alleged that "[t]he defendant[s] have allowed the building to deteriorate to such an extent that there is substantial waste to the premises and damages to the plaintiffs."

Appellants contend that three material factual issues which precluded a grant of summary judgment were raised on this record: waiver of timely payment, payment of the water bill, and waste to the building.

Appellees based their complaint upon two sections of the installment land sales contract agreement.

2 *Purchase Price.* The purchase price for such property is the sum of Three Hundred Seventy Thousand ($370,000) dollars lawful money of the United States, and Buyer agrees in consideration of the premises to pay such sum in the following manner, to wit:

\* \* \* \* \* \*

(c) Buyer shall take subject to a first deed of trust secured on the premises of approximately Two Hundred Fifty-Five Thousand ($255,000) dollars due as written, bearing interest at the rate of $6\frac{1}{2}$ per cent per annum, payable approximately *Two Thousand Eight Hundred Forty-Seven dollars and Forty-Six cents ($2,847.46) per month* ... Buyer to make said payments to Seller on or be-

1. Appellants also contend the trial court erred in entering the judgment order prior to a decision being made on their counterclaim. Since we agree with appellants' first assignment of error, we do not reach the merits of this issue.

2. Specifically, the trial court granted partial summary judgment. It ordered that appellees have possession of the property; that the question of damages be set for ex parte proof; that appellants execute a quitclaim deed relinquishing any and all rights to the property; and that a jury trial be set on appellants' counterclaim.

We note here that while an order granting partial summary judgment while counterclaims are pending is typically not final and appealable, *see* Super.Ct.Civ.R. 54(b); *Cohen v. Owens & Co.*, 464 A.2d 904 (D.C.1983); *Metropolitan Baptist Church v. Minkoff*, 462 A.2d 460 (D.C.1983) (per curiam), the court's grant of partial summary judgment in this case is immediately appealable under D.C. Code § 11–721(a)(2)(C) (1981), as the order, in light of the grant of possession to appellees and the quitclaim deed, is one "changing or affecting the possession of property." *Jenkins v. Parker*, 428 A.2d 367, 368 (D.C.1981) (per curiam).

fore the 1st day of each month ... [emphasis added].

* * * * * *

4 *Buyer's Default.* If Buyer fails to pay any such taxes, charges, *assessments* ... or fails to pay any amount due upon or fails to perform any condition or covenant of any agreement for sale or mortgage required of Buyer, including payments due under paragraph 2(c) ... Seller shall have the right to pay or procure the same, together with necessary costs legal fees ... [emphasis added].

Since the clauses in paragraph 4 are joined by the disjunctive "or", default would have occurred if either contingency, namely failure to pay "such taxes, charges, assessments" or to perform any condition of "any agreement for sale or mortgage ... including payments in paragraph 2(c)" had occurred. Thus the question for this court is whether factual issues exist, as to alleged default, which would have precluded the trial court's grant of summary judgment.

As to the failure to make payments pursuant to paragraph 2, appellants, in their opposition to appellees' motion for summary judgment, argued that appellees "waived timely performance of those contract provisions ... by the repeated acceptance of late performance over the life of the installment land sales contract."

■ Before this court, appellees contend appellants cannot now raise the issue of waiver as they failed, in compliance with Super.Ct.Civ.R. 8(c), to specifically plead the waiver defense in their answer or counterclaim. While we agree that the defense should properly have been pleaded in either the answer or counterclaim, or some pre-trial motion, we are of the opinion that the harsh effect of failing to do so, namely loss of the defense, is inappropriate in this case. Appellees were put on notice of the defense by appellants' opposition to their motion for summary judgment and had the opportunity to respond, and thus cannot claim to

have been prejudiced by appellants' failure to plead this defense in their answer or counterclaim. *See Goldkind v. Snider Brothers,* 467 A.2d 468 (D.C.1983); *Jackson v. District of Columbia,* 412 A.2d 948 (D.C.1980).

Appellees argue however, that in any event, waiver is a question of law "where ... the facts and circumstances relating to the subject are admitted or clearly established." 28 Am.Jur.2d *Estoppel and Waiver* § 174 (1966). We have no dispute with this contention where the facts and circumstances are in fact *"admitted or clearly established."* Such is not the case here.

■ While there is evidence on the record, in the form of appellants' affidavits, that appellees did not accept late payments on occasion, there is nothing on the record to indicate appellants were given notice that appellees would thereafter require prompt payment. Such notice would have precluded waiver. *See* 77 Am.Jur.2d *Vendor and Purchaser* § 81 (1975). In the absence of such factual information, a decision cannot be made as to whether appellants were in default for failure to make the payments required in paragraph 2 of the contract. Thus summary judgment was inappropriate.

With respect to the water bill, appellees contend "any ... assessments" in paragraph 4 requires that appellants pay that bill; yet appellants state in their individual affidavits:

That I did not agree, pursuant to the terms of the installment land sale contract sued on, to pay water utilities for the premises at issue in this suit.

The point is also made in their individual depositions.

■ Clearly a material factual issue is in dispute: responsibility for the water bill. Because the meaning of the term "assessments" is facially ambiguous, neither we nor the trial court can rely upon it to provide the "best objective manifestation of the parties' intent," *1010 Potomac Associates v. Grocery Manufacturers,* 485 A.2d

199, 205 (D.C.1984), regarding payment of the water bill. In such a case, intent is a "necessary instrument[s] in obtaining the truth." *Holladay Corp. v. Turkin,* 443 A.2d 1328, 1330–1331 (D.C.1982).

We conclude that there are material issues of fact evident on this record that precluded the granting of summary judgment as a matter of law. We therefore reverse and remand with directions that further proceedings be had consistent with this opinion.

*So ordered.*