Yolanda L. PADEN, Appellant,

v.

Don A. GALLOWAY, et al., Appellees.

No. 87–882.

District of Columbia Court of Appeals.

Argued Oct. 24, 1988.
Decided Dec. 7, 1988.

James B. Miles, for appellant.

Eva Pernell Britt, for appellees.

Before ROGERS, Chief Judge,* and TERRY and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

In this case, appellant Paden brought suit in the Superior Court against her employer, D.C. Center for Independent Living, alleging breach of contract,[1] and against her immediate supervisor, Don Galloway, for battery.[2] Defendant Galloway moved to dismiss the complaint on the ground that Paden had elected to pursue relief before the District of Columbia Office of Human Rights (OHR) and thus could not now proceed before a judicial forum. *See* D.C.Code § 1–2556(a) (1987).[3] The corporate defendant did not join in the motion. In granting Galloway's motion, the trial court noted that since "the same matters [were] previously ... presented to and decided by the District of Columbia Office of Human Rights and decided against the plaintiff, the complaint is barred by § 1–2556 of the D.C.Code (1981)" and ordered the complaint dismissed.[4]

Appellant thereupon brought the instant appeal. However, since neither the motion before the court nor the reasoning set forth with the dismissal order can be read as encompassing the breach of contract claim against the corporate defendant, we construe the court's order of dismissal as not reaching that claim. Thus the breach of contract action is still pending before the

---

* Judge Rogers was an Associate Judge of this court at the time of argument. Her status changed to Chief Judge on November 1, 1988.

1. The basis for the breach of contract claim is the alleged failure of the corporate defendant to provide two weeks' termination notice as provided in the corporation's personnel manual.

2. Paden's amended complaint also included a claim against both defendants for sexual misconduct. However, as to this claim appellant concedes that the motion to dismiss was properly granted.

3. That section provides:
   Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder: Provided, that where the [OHR] has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the [OHR].

4. The trial court's dismissal order indicates that it was sent to plaintiff's counsel and to counsel for defendant Galloway. It was apparently not sent to the corporate defendant.

trial court.[5] In such circumstances, the appeal has been prematurely filed and is not properly before us. We must therefore dismiss for lack of jurisdiction.

The appealability of orders disposing of fewer than all claims against all parties is governed by Super.Ct.Civ.R. 54(b).[6] We have repeatedly pointed out that without "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment," an order disposing of claims against fewer than all parties is not appealable. *See, e.g., Dyhouse v. Baylor*, 455 A.2d 900, 901 (D.C. 1983); *Cohen v. Owens & Co.*, 464 A.2d 904, 906–07 (D.C.1983) (noting that "[t]his is at least the fourth appeal in the last six months which we have had to dismiss on jurisdictional grounds for non-compliance with Rule 54(b)"); *Griffith v. Sandler*, 99 A.2d 194 (D.C.1953) (Rule 54(b) applies notwithstanding the fact that at the time defendant's motion to dismiss was granted he was the only one of three defendants who had been served with process).[7]

Rule 54(b) must be complied with "to the letter." *Jones v. American Express Co.*, 485 A.2d 607, 609 (D.C.1984) ("strict compli-ance with Rule 54(b) is an absolute necessity"); *Cohen v. Owens & Co., supra*, 464 A.2d at 906 (no appellate review where claims still pending "unless the trial court follows Rule 54(b) to the letter and makes the necessary certification....."). Here the trial court was never asked to make the express determination and express entry of judgment as provided for in Rule 54(b), although the action before it involved "multiple" claims and parties within the purview of the Rule. Since the order dismissing the complaint does not encompass the breach of contract claim against the defendant corporation, "we cannot exercise jurisdiction in the case no matter how many good reasons may be advanced as to the importance and usefulness of an appellate decision on the merits." *Riddick v. William M. Sinclair Co.*, 481 A.2d 1306, 1308 (D.C.1984).

APPEAL DISMISSED.

---

5. In *Moradi v. Protas, Kay, Spivok & Protas, Chtd.*, 494 A.2d 1329 (D.C.1985), we held that we had jurisdiction over an appeal where the trial court went beyond the limits of appellee's motion to dismiss and dismissed the entire complaint, including the claim against a defendant who had not participated in the motion. *Id.* at 1332 n. 6. The order in *Moradi*, however, does not appear to have contained any internal indication of a limitation on its scope and thus was subject to no other interpretation than a dismissal of the entire matter. Moreover, in that case, although the motion was made by only one of the two defendants, the legal theory behind the motion in major part encompassed both of them. Here, on the other hand, the legal theory which served as the basis for the trial court's dismissal of the complaint does not embrace in any way the breach of contract claim against the corporate defendant. The parties do not contend, nor does the record show, that the Office of Human Rights considered whether appellant was improperly denied two weeks' notice in breach of her employment contract.

6. Rule 54(b) provides:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the Court may direct the entry of a final judgment as to 1 or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, *however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)

7. *See also Jones v. American Express Co.*, 485 A.2d 607, 609 (D.C.1984) (dismissal of counterclaim not appealable absent Rule 54(b) certification since original claim still pending); *Dixon v. AM General Corp.*, 454 A.2d 1357, 1359–60 (D.C. 1983) (consolidated claims "multiple" within meaning of Rule 54(b)); *Metropolitan Baptist Church, Inc. v. Minkoff*, 462 A.2d 460, 460 (D.C. 1983) (summary judgment order not appealable absent Rule 54(b) certification where counterclaims still pending); *Exton v. General Electric Credit Corp.*, 291 A.2d 706, 707–08 (D.C.1972) (order dismissing third-party complaint not appealable absent Rule 54(b) certification).