Harold T. FREAS, Sr., Appellant,

v.

ARCHER SERVICES, INC., Appellee.

No. 95–CV–51.

District of Columbia Court of Appeals.

Argued Dec. 8, 1995.

Decided Jan. 11, 1996.

Alan Banov, Washington, DC, for appellant.

Martin F. McMahon, Washington, DC, for appellee.

Before FERREN, FARRELL, and REID, Associate Judges.

REID, Associate Judge:

This is an appeal from the dismissal of count one of a three count amended complaint. Appellant Harold T. Freas, Sr. filed an amended complaint against appellee Archer Services, Inc., in Spring 1988. The amended complaint contained three counts: (1) wrongful discharge, based on reprisal for prosecution of a class action lawsuit beginning in 1984; (2) wrongful discharge, based on reprisal for filing a worker's compensation claim; and (3) breach of contract. The trial court dismissed counts one and three with prejudice, and later held proceedings on count two in abeyance pending decisions of this court in three cases.[1]

Following this court's decision in *Nolting v. National Capital Group, Inc.*, 621 A.2d 1387 (D.C.1993), the parties filed a joint motion to dismiss count one of the amended complaint and to remand count two to the Department of Employment Services. On September 15, 1994, the trial court entered an order remanding count two to the Department and, at the suggestion of the parties, "[retained] jurisdiction over count [two] until a final disposition by the District of Columbia Department of Employment Services...."[2] On December 7, 1994, the trial court entered an order deeming the second motion for reconsideration to have been withdrawn, and further, denying the joint motion to dismiss count one on the ground that it was moot.[3]

The trial court has retained jurisdiction over count two of appellant's amended complaint. Therefore, because the proper certification has not been filed under Super.Ct.Civ.R. 54(b), and because there is no final order before us, we lack jurisdiction to hear the appeal regarding count one. Rule 54(b) specifies in pertinent part that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or 3rd-party claim, ... the court may direct the entry of a final judgment as to 1 or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims ... shall not terminate the action as to any of the claims ..., and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims....

In *Jones v. American Express*, 485 A.2d 607, 609 (D.C.1984), we "once again ... [reminded] the bar that strict compliance with Rule 54(b) is an absolute necessity." Here, there has been no compliance since the parties never asked the trial court to "make either 'an express determination that there [was] no just reason for delay' or 'an express direction for entry of judgment,' as required by Super.Ct.Civ.R. 54(b)...." *Id.; see also Merrell Dow Pharmaceuticals v. Oxendine*, 593 A.2d 1023 (D.C.1991). Accordingly, because the trial court has retained jurisdiction over count two of this case, and because no Rule 54(b) certification has been made, we lack jurisdiction to hear this appeal. Hence, it is dismissed.

*So Ordered.*

---

1. Two motions for reconsideration were filed, one in 1988 and the other in 1992.

2. The trial court reserved decision regarding count one after a hearing on appellant's second motion for reconsideration.

3. The trial court stated that the motion was "mooted by reason of the entry of the Order of August 29, 1988, dismissing count [one] of the amended complaint."