## MUNSEY v. SAFEWAY STORES, Inc.
### No. 760.

Municipal Court of Appeals for the
District of Columbia.
April 13, 1949.

Louis Ginberg, of Washington, D. C., for appellant.

Arthur B. Hanson, of Washington, D. C. (Elisha Hanson, of Washington, D. C., on the brief), for appellee.

**600**

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued for a trespass to personal property growing out of the following circumstances. She was a customer in one of defendant's self-service stores. After selecting some articles she went to the counter where purchases were checked and paid for. She had with her a paper bag containing goods, including a package of meat, she had previously purchased at another store not operated by defendant. The checker asked plaintiff whether any of the goods in the bag had been purchased in defendant's store. She replied that all of the goods in the bag had been purchased elsewhere, but nevertheless the checker took her package of meat, carried it to the meat counter, ascertained that it had not been purchased there and then returned it to plaintiff.

The parties were in substantial agreement on the foregoing facts but differed greatly as to whether the meat was taken by the checker with or without plaintiff's consent. According to the plaintiff, the meat was taken from her forcibly and against her will and she was caused great humiliation and embarrassment by the acts and words of defendant's employees. According to defendant, when plaintiff was first questioned regarding the articles in the bag, she voluntarily placed them on the counter and consented to defendant inspecting and checking them, and this was done in an orderly and mannerly way.

The case was tried twice. The first trial resulted in a verdict for plaintiff for $1,500, but the trial court set aside the verdict and granted a new trial, stating that the verdict was excessive. The second trial resulted in a verdict and judgment for defendant.

The point most vigorously advanced here is that the trial court was in error in setting aside the verdict in the first trial. The power of a trial court to grant a new trial when the damages given by a verdict are excessive has been long established.[1] The trial court not only has the power but also the duty to set aside a verdict which is grossly and palpably excessive and failure so to do will constitute reversible error.[2] Ordinarily the matter rests in the discretion of the trial court and its action in granting or denying, for excessiveness or inadequacy, a motion for new trial is not reviewable.[3] It is reviewable only for abuse of discretion.

We find no abuse of discretion. Taking the verdict as establishing the truth of plaintiff's version of the occurrence, she was deprived of possession of her property for only a few minutes. Her proof of special damages was that the manner and circumstances of the occurrence greatly upset her and that for two weeks thereafter she was very nervous and required some medical treatment. She proved no out-of-pocket expenses and made no claim for punitive damages. Under these circumstances the trial judge concluded that the verdict of $1,500 was excessive. Having seen the witnesses and heard the testimony, he was in a much better position to pass on the question than we are. We find no basis for holding that his action constituted an abuse of discretion.

It is further argued that if the trial court was convinced that the verdict was excessive, it should have (1) ordered a remittitur and thereby avoided the necessity of a new trial or (2) ordered a new trial solely on the issue of damages. The practice of a trial court granting a new trial unless plaintiff remit the amount of the verdict deemed excessive is well established,[4] but we know of no rule which requires a trial court to adopt this practice in a particular case. There was no way here for the court to determine with any exactness the amount of excess in the verdict and it might well have concluded that it was preferable to submit the matter to a second jury rather than attempt to trim the verdict

---

[1] The first reported instance of a grant of a new trial on the ground of excessive damages is said to be Wood v. Gunston (1655), Style 466, 82 Eng.Rep. 867.

[2] Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400.

[3] Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393.

[4] Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150.

down to a reasonable amount. With respect to point 2, the practice of limiting the issues in a new trial is confined to those cases where the issues are separate and distinct and where it can be said with confidence that certain of the issues have been fairly tried and determined;[5] but in tort cases, such as this, where the issue of liability and the issue of damages are so closely interwoven, rarely will it be feasible to limit the new trial to damages alone.[6]

 It is finally urged on this point that this Court should reinstate the first verdict and order such remittitur as it deems proper to remove the excess of the verdict. In the states there is an established practice of ordering a remittitur in appellate courts even in tort cases where the damages are unliquidated,[7] but in federal jurisdictions the practice seems to be limited to contract cases and the like where the excess amount of the verdict can be fairly well determined.[8] No case in a federal jurisdiction has been called to our attention where an appellate court undertook to cure by remittitur an excessive verdict rendered in a tort action for unliquidated damages.

 The remaining assignments relate to alleged errors in the second trial. It is contended there was error in permitting testimony by defendant that within two weeks after the occurrence in question plaintiff was again a customer in the store. In view of plaintiff's claim to have been greatly upset and nervous for a period of two weeks following the alleged trespass, we think this evidence was competent.

 Complaint is also made of the refusal to permit plaintiff to cross-examine defendant's witness regarding paper bags used by other retail stores which bore the names of such stores. The type of bags used by other stores was not relevant to any issue in this case.

It is also claimed that plaintiff was unduly restricted in cross-examination of one of defendant's witnesses. After this witness had been cross-examined at some length, the following occurred:

Mr. Hanson. "If Your Honor please, he has already gone over this once on cross-examination."

The Court. "I think we have gone over this. You are re-addressing yourself, and retracing your steps, sir."

Mr. Ginberg. "I think that is all, Your Honor. In view of Your Honor's ruling. I do not think I have been over that. Exception."

 If counsel had other questions he wished to ask or another line of inquiry he wished to pursue, he should have indicated to the court the nature of the questions or inquiry in order that the court make a specific ruling. In the absence of such ruling there is no showing here of prejudicial error.

 The next assignments relate to denial of plaintiff's requested instructions Nos. 1, 2 and 3. Request No. 1 was for a directed verdict in plaintiff's favor. It was properly denied. Request No. 2 does not appear in the record but the record shows that the court in denying it in the form presented agreed to grant it in substance. The record shows no error in this respect. Request No. 3 sought to impose on defendant the burden of proving its authorization by plaintiff to exercise any control over the package of meat. Plaintiff's right to recover rested on her claim of an unauthorized exercise of control over her property. The burden was on her to prove her claim.

 The last assignment of error relates to further instructions to the jury after it had retired to the jury room. At the request of the jury, the court gave further instructions on what constitutes a trespass

[5] United Retail Cleaners & Tailors Ass'n of D. C. v. Denahan, D.C.Mun. App., 44 A.2d 69.

[6] Schuerholz v. Roach, 4 Cir., 58 F.2d 32, certiorari denied, 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541; Bass v. Dehner, D.C., N.M., 21 F.Supp. 567. Cf. Thompson v. Camp, 6 Cir., 167 F.2d 733, certiorari denied, 333 U.S. 831, 68 S.Ct. 458;

May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830.

[7] 5 C.J.S., Appeal and Error, § 1861; 3 Am.Jur., Appeal and Error, § 1177.

[8] Lalley v. Escoett, 79 U.S.App.D.C. 306, 146 F.2d 667; United States v. Certain Parcels of Land, etc., 5 Cir., 149 F. 2d 81; United States Potash Co. v. McNutt, 10 Cir., 70 F.2d 126.

by repeating its earlier instruction on that subject. Plaintiff's counsel then requested the court to give some additional instructions on the subject. The court refused on the ground that the suggested instruction would only serve to confuse the jury. Without detailing this suggested instruction or here comparing it with the instruction given, it is sufficient to say that we agree with the trial court.

Affirmed.