**WHEELER MACHINERY COMPANY,**
**a Utah Corporation,**
**Plaintiff-Appellee,**
v.
**MOUNTAIN STATES MINERAL ENTERPRISES, INC., a Delaware Corporation, Defendant-Third Party Plaintiff-Appellant,**
v.
**STAFFORD CONSTRUCTION COMPANY, INC., a Colorado Corporation, and Harold W. Stafford, Individually, Third Party Defendants.**

No. 82-1551.

United States Court of Appeals,
Tenth Circuit.

Jan. 7, 1983.

---

Joseph C. Rust and Antje F. Curry of Kesler & Rust, Salt Lake City, Utah, for plaintiff-appellee.

Joseph Gallegos of Gallegos & Sciumbato, Salt Lake City, Utah, Lawrence Reno of Bader & Cox, Denver, Colo., and John B.M. Frohling and Roger L. Fidler of Frohling & Hanley, Newark, N.J., for defendant-appellant.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Wheeler Machinery Company (Wheeler) brought a contract claim against appellant Mountain States Mineral Enterprises, Inc. (Mountain States) to obtain payment for goods and services provided for the repair of equipment. Mountain States brought a third party complaint against Stafford Construction Company, which counterclaimed against Mountain States. This suit was consolidated with another action brought by Plateau Resources Limited against Mountain States and Stafford arising out of the same factual setting.

Wheeler's complaint originally sought $659,005.43 allegedly due on the contract, attorney fees pursuant to the contract in an amount to be set by the court but not less than $20,000, and interest as provided by the contract at 18% per annum. Wheeler moved for partial summary judgment on the issues of liability and principal amount due. Wheeler claimed that it was entitled as a matter of law to $648,789.17. The district court granted the motion in favor of Wheeler "in the amount of $636,884.80 as the minimum undisputed amount owed by Mountain States for parts and services." Partial Summary Judgment at 2. The court reserved all other claims by Wheeler against Mountain States, including the claims for interest, attorney fees, and the difference between the amount awarded by the order and the amount sought by Wheeler's motion, as well as any other damages

that Wheeler might claim.[1] The court determined under Fed.R.Civ.P. 54(b) that there was no just reason for delay in entering final judgment in the amount set out in the order.

Mountain States moved to set aside the order of partial summary judgment and to rehear the matter, noting in its supporting brief that a Rule 54(b) determination had been made. The district court originally construed these motions as based on Fed.R. Civ.P. 59. It noted that Rule 59 relates only to final judgments, stated that the judgment was not final because issues remained to be decided, and then denied the motions.

The next day the court informed the parties that the order was indeed final pursuant to the Rule 54(b) certification, vacated its earlier denial of Mountain States' motion to rehear the summary judgment issue, and stated that the rehearing would be confined to matters properly raised under Rule 60(b). Following the hearing, the court denied Mountain States' motion for relief.

Mountain States appealed. We conclude that the partial summary judgment is not a final order, and that the district court could not make it final by certifying it as such under Rule 54(b).

Rule 54(b) provides in part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In making the determination required by Rule 54(b), the district court must first ascertain whether the judgment is final. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). Finality is judged by the standards applicable to determining jurisdiction under 28 U.S.C. § 1291 (1976). "The District Court *cannot,* in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956) (emphasis in original). To be final, the judgment must be " 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright,* 446 U.S. at 7, 100 S.Ct. at 1464 (quoting *Sears, Roebuck & Co.,* 351 U.S. at 436, 76 S.Ct. at 900).

Here, the district court specifically reserved the issues of interest, attorney fees, a disputed amount of principal, and any other claims for damages Wheeler might make. A judgment that awards a principal sum but reserves the matter of interest on that amount is not final for purposes of Rule 54(b) certification. *Memphis Sheraton Corp. v. Kirkley,* 614 F.2d 131, 131–32 (6th Cir.1980), *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66, 69 (2d Cir. 1973); *see also Young v. Ethyl Corp.,* 635 F.2d 681 (8th Cir.1980). With respect to the amount of disputed principal, Wheeler contends that this claim is severable from the amount awarded by the partial summary judgment because each sales order constituted a separate transaction giving rise to a separate claim. We disagree. The monthly statements on their face show continuous invoicing and a carryover balance on an open account.

We conclude that the order is not final because it does not resolve the claims for interest and disputed principal. The partial summary judgment stands as an interlocutory determination of liability and partial damages. *See Cinerama,* 482 F.2d at 72.

"[W]here, as in the instant case, a partial summary judgment is rendered with respect to only part of the relief sought by the appellants, and where consideration of further relief is specifically reserved, judgment is neither 'final' nor on an en-

---

1. Wheeler subsequently amended its complaint to ask for actual and punitive damages for Mountain States' alleged bad faith refusal to meet its contractual obligations.

tire 'claim.' Accordingly, there can be no certification of such a partial summary judgment pursuant to Rule 54(b)."

*Acha v. Beame,* 570 F.2d 57, 62 (2nd Cir. 1978).

In view of our determination, we need not decide whether the order is non-final for failure to dispose of Wheeler's other claims. The appeal is dismissed.