MERRELL DOW PHARMACEUTICALS, INC., Appellant,

v.

Mary Virginia OXENDINE, Appellee.

No. 90–535.

District of Columbia Court of Appeals.

Argued Nov. 7, 1990.

Decided June 25, 1991.

Walter A. Smith, Jr., with whom Vincent H. Cohen, Alphonso A. Christian II, and Stephen G. Vaskov were on the brief, Washington, D.C., for appellant.

Barry J. Nace, with whom Irving R.M. Panzer was on the brief, Washington, D.C., for appellee.

Before STEADMAN, Associate Judge, BELSON, Associate Judge, Retired,* and MACK, Senior Judge.

STEADMAN, Associate Judge:

The issue in this appeal, the third that has been taken in this long-running litigation, is whether a trial court may enter an immediately enforceable and appealable "final judgment" under Super.Ct.Civ.R. 54(b) on a claim where the question of punitive damages remains to be tried. We hold that it has no such power under the rule or otherwise.

I

In February of 1982, appellee Mary Oxendine brought a product liability action against appellant Merrell Dow Pharmaceuticals, Inc. ("Merrell Dow"), alleging her birth defects were caused by her mother's ingestion of Bendectin, a product manufactured by Merrell Dow, during pregnancy. The trial court bifurcated Oxendine's compensatory and punitive damages claims. In May 1983, a jury found Merrell Dow liable and awarded Oxendine $750,000 in compensatory damages. The trial court granted Merrell Dow's motion for a judgment notwithstanding the verdict, which we reversed, ordering the verdict in favor of Oxendine reinstated. *Oxendine v. Merrell Dow Pharmaceuticals, Inc.*, 506 A.2d

---

* Judge Belson was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on June 1, 1991.

1100 (D.C.1986) (*Oxendine I*). Subsequently, Merrell Dow moved for a new trial based on the discovery that Oxendine's expert witness had "grossly misrepresented" his credentials. The trial court agreed. On appeal, the trial court was reversed and the verdict once again reinstated. *Oxendine v. Merrell Dow Pharmaceuticals, Inc.,* 563 A.2d 330 (D.C.1989) (*Oxendine II*). Upon remand, the trial court decided to postpone the trial of punitive damages while the Supreme Court considered in a then pending case the constitutionality of punitive damage awards.[1] At the same time, the trial court, believing that "appellate review of [the compensatory damages claim was] effectively complete" and finding "no just reason for further delay," entered final judgment with respect to compensatory damages.[2] Merrell Dow now appeals this action.[3]

## II

### A.

Rule 54(b) provides in pertinent part that:

When more than 1 [one] claim for relief is presented in an action, ... the Court may direct the entry of final judgment as to 1 [one] or more but fewer than all of the claims ... upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

The Supreme Court, interpreting Fed. R.Civ.P. 54(b), which is the federal counterpart of the rule in question,[4] has squarely held that, where a single defendant is involved,[5] the rule " 'does not apply to a single claim action.... It is limited expressly to multiple claims actions in which "one or more but less than all" of the multiple claims have been finally decided and are found otherwise to be ready for appeal.' " *Liberty Mutual Insurance Co. v. Wetzel, supra* note 3, 424 U.S. at 742–43, 96 S.Ct. at 1206 (citation omitted). In that case, the district court had purported to enter a final judgment under Rule 54(b) only on the issue of the defendant's liability; it had made no determination as to the relief to be afforded. Absent such a determination, the Court held, Rule 54(b) did not authorize the entry of a final judgment.[6]

1. *Pacific Mut. Life Ins. Co. v. Haslip,* 553 So.2d 537 (Ala.1989), *cert. granted,* — U.S. —, 110 S.Ct. 1780, 108 L.Ed.2d 782 (1990). The Supreme Court has subsequently issued its opinion in that case. — U.S. —, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991).

2. The trial court in the same order offset appellee's $750,000 compensatory award by the $300,000 received from the Upjohn Company in settlement of her related claim against that company. At the trial court's request, the parties had briefed the issue whether appellee was nevertheless entitled to receive interest on the $300,000 from Merrell Dow beginning the date of the jury verdict. In the order, the trial court held that she was not.

3. It is suggested that Merrell Dow is precluded from challenging the finality of the compensatory damage award because it was the movant for separate trials on compensatory and punitive damages or because it sought certiorari from our decision in *Oxendine I* when such petitions may only be taken from a "final judgment." 28 U.S.C. § 1257. The issue, however, is one of appellate jurisdiction, which may not be waived by the parties. *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976). Insofar as applicable here, we have jurisdiction only over "final orders and judgments" of the trial court. D.C.Code § 11–721(a)(1) (1989).

4. We routinely look to federal cases interpreting the federal counterparts of our rules as persuasive authority. We see no reason for construing our identical Rule 54(b) in a different manner from the federal rule. *Dyhouse v. Baylor,* 455 A.2d 900, 901 n. 3 (D.C.1983) and cases cited.

5. As amended in 1961, the rule permits entry of a final judgment as to one or more, but not all, parties on a single claim involving multiple parties.

6. The trial court here, as well as appellee in argument to us, suggested that even if its action was not authorized under Rule 54(b), the special circumstances of this case permitted the entry of a final judgment on the compensatory damage claim. However, as we have recognized, "the partial adjudication of a single claim is not appealable regardless of whether there is a Rule 54(b) certificate." *Cohen v. Owens & Co., Inc.,* 464 A.2d 904, 906 (D.C.1983), quoting *Aetna Casualty & Surety Co. v. Giesow,* 412 F.2d 468, 470 (2d Cir.1969). *See, e.g., Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 991, 103 L.Ed.2d 146 (1989) (pendency of motion for discretionary prejudgment interest destroys finality of judgment because prejudgment interest "is an element of [plaintiff's] complete compensation") (citation omitted). Thus, as *Liberty Mu-*

Since no basis existed for an interlocutory appeal, the Court ordered the appeal dismissed for want of jurisdiction.

The issue before us, then, is whether the claim for compensatory damages [7] may be considered a "claim for relief" separate from that for punitive damages. In *Liberty Mutual,* the Court eschewed any "definitive resolution of the meaning of what constitutes a claim for relief within the meaning of the Rules." 424 U.S. at 743 n. 4, 96 S.Ct. at 1206 n. 4. However, noting that the complainant sought various remedies, including an injunction, compensatory *and exemplary* damages, and attorneys' fees, the Court specifically noted that a "complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id.*

■ Likewise, the United States Court of Appeals for the District of Columbia Circuit has adopted the following "rule of thumb" for determining whether claims are separate for purposes of Rule 54(b): When " 'claims [are] so closely related that they would fall afoul of the rule against split-

ting claims if brought separately, they do not qualify as "separate" claims' " under Rule 54(b). *Tolson v. United States, supra* note 7, 235 U.S.App.D.C. at 399, 732 F.2d at 1001 (citation omitted). The court noted that this "rule of thumb" was reflected in the circuit's leading decision on the definition of a claim, *Gold Seal Co. v. Weeks,* 93 U.S.App.D.C. 249, 256–57, 209 F.2d 802, 809–10 (1954), a holding that is binding upon us under *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971). There can be no serious doubt that a party cannot bring an action seeking compensatory damages and thereafter bring a separate action seeking punitive damages; res judicata would be an insuperable bar. *Tolson v. United States, supra* note 7, 235 U.S.App.D.C. at 400, 732 F.2d at 1002.

Accordingly, it is not surprising that the only cases we have found squarely addressing the issue of whether damages may be divided for purposes of entry of final judgment under Rule 54(b) hold that they may not. Thus, in *International Controls Corp. v. Vesco,* 535 F.2d 742 (2d Cir.1976), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54

---

*tual* indicates, the principles and authorities that dictate against the division of remedies into multiple claims for purposes of entry of a final judgment under Rule 54(b) are relevant to a determination whether a single claim has been reduced to a final judgment, appealable under D.C.Code § 11–721(a)(1). As Rule 54(b) provides, absent a valid "determination and direction" of entry of a final judgment, "the order or other form of decision, however designated ... shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of [final] judgment...."

Rule 54(a) cannot form the basis for appealability. That subsection defines a judgment as a decree and any order "from which an appeal lies," but does not purport to define what the quoted phrase covers. That is the very issue before us. Nor does the fact that *Oxendine I* and *II* were appealable shed any light on the present issue. The former plainly involved a final judgment, in favor of defendant Merrell Dow, and the latter was allowed upon a trial court certification under D.C.Code § 11–721(d). 563 A.2d at 331 n. 1.

**7.** Appellee's complaint sought relief against Merrell Dow on several theories, three of which were presented to the jury: negligence, breach of warranty, and strict liability. The jury by a

special verdict form found the defendant liable on each such theory. Appellee does not suggest, however, that multiple claims are thus involved or that the outcome on appeal should be otherwise affected by the multiple theories of relief. The trial court entered a unitary final judgment. In any event, *see Tolson v. United States,* 235 U.S.App.D.C. 396, 399, 732 F.2d 998, 1001 (1984) (rejecting proposition that if plaintiff in action for damages for injury to person or property alleged several bases for relief, e.g., the defendant's simple negligence, gross negligence, breach of implied warranty, and breach of express warranty, a pretrial ruling rejecting simple negligence or implied warranty could be split off as a "separate claim" and made the subject of a Rule 54(b) judgment); *Schexnaydre v. Travelers Ins. Co.,* 527 F.2d 855, 856 (5th Cir.1976) (per curiam) (multiplicity not present where "the plaintiff merely presents alternative theories, drawn from the law of the same sovereign, by which the same set of facts might give rise to a single liability"). Indeed, even if each theory were deemed a separate claim, no final judgment could be entered; Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable...." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).

L.Ed.2d 758 (1978), a purported final judgment under Rule 54(b) had been entered against the defendant, but the judgment afforded the plaintiff the opportunity to prove additional damages in subsequent proceedings. The court rejected plaintiff's argument, akin to that of appellee here, that the judgment could be final "as long as it specifies some amount of damages which the plaintiff can collect." 535 F.2d at 746. On the contrary, the court held, "[b]ecause the judgment leaves [plaintiff] that option [of seeking additional damages], it cannot be viewed as final." *Id.* at 747.[8] Likewise, in *Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc.*, 696 F.2d 787, 789 (10th Cir.1983), the court held that a judgment awarding a principal sum but reserving the matter of interest on that amount was not final for purposes of Rule 54(b).

 The Second Circuit may have expressed the guiding principle most succinctly in *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir.1978), as follows:

> Where ... a partial summary judgment is rendered with respect to only part of the relief sought by the appellants, and where consideration of further relief is specifically reserved, judgment is neither "final" nor on an entire "claim." Accordingly, there can be no certification of such a partial summary judgment pursuant to Rule 54(b).

We think that principle dictates the result here.[9]

### B.

Appellee directs our attention to our holding in *Robinson v. Sarisky*, 535 A.2d 901, 908 (D.C.1988).[10] In that case, the first jury agreed on an award of compensatory damages, but was divided on the question of punitive damages. The trial court thereupon declared a partial mistrial and ordered a new trial on punitive damages alone. Although we recognized that in some cases "the issues of liability and damages may be so interwoven that they cannot be fairly separated," we noted that in the case presented, there was no real uncertainty in the evidence on the issue of liability or any other showing of how the second jury could have been confused or affected by the first jury's award of compensatory damages. Hence, we concluded, "the issues, though connected, were not so closely intertwined that the order granting the partial new trial was unfair." *Ibid.*

However, the question whether a trial court has "abused its discretion" in granting limited new trials [11] where "the issues in a case are separate and distinct," *Robinson, supra*, 535 A.2d at 908, is quite different from that of determining when a final judgment may be entered for purposes of enforcement and appeal under a rule prescribing the trial court's power in that re-

---

8. Because the plaintiff had asserted multiple claims against the defendant, the court remanded the cases to the district court for clarification whether as to some of those claims, no further damages could be awarded and hence, as to those claims, final judgment was properly entered. In the case before us, Oxendine presented several theories to the jury to establish liability, but no argument is made to us that this fact is relevant to determination of this appeal. See note 7, *supra*.

9. The fairly self-evident interrelation between appealability and enforceability is noted in *Redding & Co. v. Russwine Constr. Corp.*, 135 U.S.App.D.C. 153, 159, 417 F.2d 721, 727 (1969) ("an execution ordinarily may issue only upon a final judgment"). *See also Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 951 (7th Cir.1980) (important effect of a Rule 54(b) certification is that entry of final judgment permits

prompt execution); *International Controls Corp. v. Vesco, supra*, 535 F.2d at 745 ("[o]nly if the underlying judgments against Vesco are final is the subsequent execution order against the Company valid").

10. Appellant likewise misplaces reliance on such cases as *Bank of Lincolnwood v. Federal Leasing, Inc., supra* note 9, 622 F.2d 944 and *United Bank of Pueblo v. Hartford Accident & Indemnity Co.*, 529 F.2d 490 (10th Cir.1976). Those cases deal with the issue whether the desirability of immediate collection may be a factor in the trial court's exercise of discretion in determining that there is "no just cause for delay," and not the issue whether a final judgment may be entered at all.

11. Sup.Ct.Civ.R. 59(a) authorizes the court to grant a new trial "to all or any of the parties and on all or part of the issues."

gard.[12] That Rule 54(b) *could* have drawn the line differently with respect to when partial final judgments might be entered does not answer the question where Rule 54(b) in fact *did* draw the line.

Moreover, even if contrary authority were not as clear as discussed above, we might have some difficulty with the argument that the situation here presents a unique situation for application of the rule, on the theory that by reason of the two prior appeals, the compensatory damage phase of the litigation is finally settled. The prior appeals, while wide-ranging in their review, were not appeals from a final judgment in favor of the appellee. On the contrary, the first appeal was from the entry of a judgment in favor of Merrell Dow, notwithstanding the verdict, and the second appeal was from an order granting a new trial on the ground that an expert witness "grossly misrepresented" his credentials. Thus, both appeals were in response to rulings in favor of Merrell Dow and the appeals were brought by appellee. Neither *Oxendine I* nor *Oxendine II* may fairly be characterized as a direct appeal from a final compensatory damage award in favor of appellee. Both appeals dealt with issues of liability, not damages.[13] In fact, on remand of *Oxendine II*, the damage award was reduced by the amount of appellee's settlement with another party and a question as to computation of interest determined against the appellee. See note 2, *supra.*

An example of possible difficulty in allowing direct appeals from a partial damage determination is in fact presented in the instant case. In *Robinson v. Sarisky, supra,* 535 A.2d at 908, we noted that whether punitive and compensatory damage claims are "separate and distinct" or "so interwoven that they cannot fairly be separated" should be decided by the particular litigation. Here, that very issue remains open.[14] Merrell Dow invokes *Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931), where the trial court only committed error in instructing the jury on the issue of measure of damages, but nevertheless the Court held it would be error to hold a new trial on the damages issue alone. While the general jury verdict in the first trial of *Gasoline Products* showed that the jury found liability, it was impossible to determine what were the dates of formation and breach of the contract found by the jury or its terms, and without such knowledge damages could not be determined. Hence, the Court held, there must be a new trial on all the issues. *See also Munsey v. Safeway Stores,* 65 A.2d 598, 601 (D.C.1949) (in tort cases, "rarely will it be feasible to limit the new trial to damages alone"); *Finkelstein v. District of Columbia,* 593 A.2d 591, at 600 n. 14 (D.C.1991). In the instant case, the jury found liability on each of three separate

**12.** It is noteworthy that the appeal in *Robinson* was taken only after the punitive damages trial was held, and all the issues in the litigation were dealt with in the single appellate opinion. Unlike the situation here, the trial court at the compensatory damages trial in *Robinson* did not authorize the entry of or execution upon judgment for compensatory damages.

**13.** It is true that in *Oxendine I,* we concluded our opinion with a direction to the trial court to "reinstate the jury verdict awarding compensatory damages, and to conduct further proceedings on the issue of punitive damages." 506 A.2d at 1114–15. As subsequent proceedings to date have shown, however, several issues even as to the computation of compensatory damages were still outstanding and we could not conclude that *Oxendine I* would preclude a challenge by either party to their resolution.

**14.** Prior to entry of the order appealed from, the trial court asked the parties to brief the issue whether the original 1983 jury would have to be reconstituted for any punitive damages trial. In determining to delay the punitive damages trial until resolution of the then pending Supreme Court decision, see note 1, *supra,* the trial court also declined to rule on the nonconstitutional punitive damages issues. In addition to the jury question, Merrell Dow raised issues as to whether sufficient evidence had been adduced to warrant a trial on punitive damages and the preclusive effect of other unsuccessful punitive damage actions against Merrell Dow on the Bendectin issue. Also pending before the trial court, which it deemed not yet "ripe" for resolution, is appellee's motion for additional Rule 11 costs, which Merrell Dow also claims to preclude entry of a final judgment on compensatory damages. We need not reach that issue.

theories. See note 7, *supra.* To our knowledge, the trial court has made no final determination on Merrell Dow's argument with respect to the scope of the punitive damages trial and we do not express any opinion on the issue. That the issue is still open, however, illustrates a problem with too readily asserting that damages may be split into components, one of which may be declared "final" before the remaining components are disposed of.

▉ For the foregoing reasons, we are compelled to dismiss the appeal for want of a final judgment or otherwise immediately reviewable order and remand the case with instructions to vacate the judgment entered under Rule 54(b).[15]

*So ordered.*

MACK, Senior Judge, dissenting:

Legal writers know that, even when one properly defines the legal issue, one may sometimes reach the wrong conclusion. The chances of reaching the wrong conclusion dramatically increase when one initially identifies the wrong issue. Legal issues must be defined in the context of the facts, as well as the law, that one is reviewing.

I agree with Merrell Dow that the issue before us is the enforceability of "one claim"; I disagree with Merrell Dow as to the answer to that issue. I disagree with my colleagues in defining the issue.

The issue as I see it is whether a 1983 verdict for compensatory damages against Merrell Dow, which we have twice ordered reinstated on previous appeals, can now be enforced, even though another claim for punitive damages, bifurcated for trial at the urging of Merrell Dow (over the objection of Miss Oxendine) remains unresolved.

A "judgment" is defined by Rule 54(a) of the Superior Court Civil Rules as "a decree and *any order* from which an appeal lies." (Emphasis added.) Under our appellate rules, Judge Salzman's order directing final judgment with respect to a jury verdict which we have twice ordered reinstated (and with respect to which a petition for certiorari has been denied) is a "final order." *See* D.C.Code § 11–721(a)(1) (1989 Repl.). If it is not a final order, we do not have jurisdiction. If we do not have jurisdiction, we cannot order its vacation. On the other hand, if Rule 54(b) is applicable[1] (and there are multiple claims), we would have jurisdiction to review Judge Salzman's determination that there was no just reason for a delay in appellate consideration of one claim and his entry of final judgment as to that claim. From an appellate perspective, Merrell Dow's argument, if not logical, is interesting. By focusing our attention on Rule 54(b), it has managed to vest us with jurisdiction, and immediately thereafter, divest us of jurisdiction. Put another way, Merrell Dow's success in this appeal is predicated upon the premise that Rule 54(b) is applicable both to give us jurisdiction and to defeat Miss Oxendine's claim. No reference is made to Rule 54(a), which in fact authorizes this appeal.

The fallacy of my colleagues' reasoning is that, in its focus on Super.Ct.Civ.R. 54(b), it embraces case law holding that certain multiple claims cannot be separated by a trial judge for appellate review. In the instant case, a claim has already been separated for appellate review. Surely my colleagues are not suggesting that we had no jurisdiction to hear *Oxendine I* (1986) and *Oxendine II* (1989)—decisions issued by other three judge panels of this court ordering the reinstatement of the jury verdict

---

**15.** In such a disposition, we follow precisely the disposition ordered by the District of Columbia Circuit in *Tolson v. United States, supra.* We recognize a certain conceptual paradox in dismissing an appeal and yet remanding with instructions, but the result is warranted by the fact that as an adjunct of an appellate court's jurisdiction to determine jurisdiction, it must be empowered to correct trial court action which wrongly purports to create appellate jurisdiction and which would have the direct effect of allow-

ing execution if in fact appealable. See note 9 *supra;* D.C.Code § 17–306 (1989).

**1.** Rule 54(b) recites in pertinent part:
When more than 1 [one] claim for relief is presented in an action ... the Court may direct the entry of final judgment as to 1 [one] or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

as to *compensatory damages.*[2] What remains to prevent finality as to that claim? Under these circumstances, the one case we are bound to follow is *Robinson v. Sarisky,* 535 A.2d 901 (D.C.1988), where yet another three judge panel of this court found no problem with separate trials or separate jury verdicts with respect to compensatory damages versus punitive damages. *Robinson* made no reference to Rule 54(b). Moreover, there is no practical problem of inseparability here. The merits of liability are settled. The standards for determining the amounts of compensatory versus punitive awards are distinct—one civil in nature geared to making an injured plaintiff whole, the other quasi criminal in nature geared to retribution and deterrence. *See Pacific Mutual Life Insurance Co. v. Haslip,* —— U.S. ——, 111 S.Ct. 1032, 1044, 113 L.Ed.2d 1 (1991).[3]

In any event, if Merrell Dow and I could possibly be wrong, *i.e.,* if there was more than one claim remaining for litigation purposes, then Rule 54(b) becomes applicable to support beyond question the determination and entry of the final judgment by the able trial judge.

Judge Salzman covered both spheres. I quote below from his Order:

(b). The Court is not certain that Civil Rule 54(b) is applicable to this case at all. That rule addresses situations where the trial court proceedings are completed on one claim, there is no just reason for delay in the entry of final judgment on it, and the claim is sufficiently distinct from the others in suit so that appellate review of it will not have to be repeated at the end of the entire litigation. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436–38, 76 S.Ct. 895, 900–01, 100 L.Ed. 1297 (1956). This case does not present that problem. Here, not only is the compen-

satory damage trial over, but appellate review of that issue *is already complete.* The strictures of Civil Rule 54(b) seem to have no relevance to this situation. Entry of a final judgment on the compensatory damage claim is thus entirely appropriate and the Court will do so. [Footnote (pointing out that Merrell Dow urged finality of compensatory damage claim in seeking certiorari) omitted.]

(c). Even if Rule 54(b) applies, however, entry of final judgment on this claim now remains appropriate. As Circuit Judge Ruth Ginsburg observed when writing for the Court of Appeals in *Tolson, supra,* "Rule 54(b) precedent is untidy, and that 'courts have been completely unable to settle on a single test for determining when claims are separate.'" 235 U.S.App.D.C. at 399, 732 F.2d at 1001 (citations omitted). Whether punitive and compensatory damage claims are "separate and distinct" or "so interwoven that they cannot fairly be separated" frequently turns on the peculiar posture of the litigation. *See, e.g., Robinson v. Sarisky,* 535 A.2d 901, 908 (D.C.1988) (compensatory damage claim sufficiently distinct from punitive damage claim that a separate trial before a new jury permissible on the latter). But the Court need not attempt to resolve that nice question in this case. The purpose of the "1 or more claims" language in Rule 54(b) is entirely practical. It is intended to strike a balance between the undesirability of piecemeal appeals and the need for making review available in timely fashion without delaying the entry of judgment without cause. In other words, the drafters of Rule 54(b) sought to provide a mechanism for prompt appellate review of those claims that would not have to be reconsidered on an appeal

2. I do not accept the reasoning of the majority here that the identity of the party appealing is related to finality.

3. *Pacific Mutual Life Insurance Co. v. Haslip, supra,* was pending before the Supreme Court at the time of Judge Salzman's order. Recognizing that this decision, involving a constitutional challenge to the awarding of punitive damages, might be dispositive of Miss Oxendine's bifurcat-

ed claim, Judge Salzman ordered a brief delay in pretrial and trial dates. In *Haslip,* the Supreme Court stayed enforcement of the judgment pending certiorari, but that judgment, unlike the judgment here, was based upon a general verdict disputed as to amounts allotted as between compensatory and punitive damages. 111 S.Ct. at 1037 n. 2.

of the whole case, while avoiding the delay in justice that would follow if such claims had to abide the remainder of the litigation. *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956); *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 363 (3d Cir.1975). [Footnote omitted.]

But that purpose manifestly has no application here. Plaintiff's entitlement to compensatory damages from Merrell Dow has already been reviewed by our Court of Appeals twice; certiorari has been denied. Appellate review of this issue is thus effectively complete. Even if on closest examination plaintiff has but "1 claim" in this litigation, it is no offense to the intendment of Rule 54(b) to enter judgment now on the compensatory damage award in these circumstances. The Court of Appeals will not be burdened with another review of this aspect of the case. No valid end is served by making the plaintiff continue to wait for her judgment—and Merrell Dow has suggested none. Seven years' delay is long enough. The Civil Rules must be construed to expedite the just determination of litigation, not to hinder it. Civil Rule 1.

The Supreme Court has reminded us that "[i]t is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers." *Holy Trinity Church v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892). The Court has "repeatedly warned against the dangers of an approach to statutory construction which confines itself to the base words of a statute * * *, for 'literalness may strangle meaning.'" *Lynch v. Overholser*, 369 U.S. 705, 710, 82 S.Ct. 1063, 1067, 8 L.Ed.2d 211 (1962) (per Harlan, J.) (citations omitted). *Accord, Mulky v. United States*, 451 A.2d 855, 857 (D.C.1982) (Ferren, J.) ("and" read as "or" where necessary to give an appropriate construction to a statute). In the unique circumstances of this case, where appellate review of the compensatory damage award is complete and almost seven years have elapsed since the jury rendered that verdict, the Court may order the entry of judgment now. There is no just reason for further delay. To construe Rule 54(b) otherwise would be to elevate form over substance; this a responsible tribunal may not do. Accordingly, the Court expressly directs entry of final judgment on the plaintiff's award of compensatory damages.

For the reasons articulated by the trial judge, I would affirm his order in its entirety.