**JONATHAN WOODNER CO.,
et al., Appellants,**

v.

**Francisca BREEDEN, et al., Appellees.**

**No. 94–CV–362.**

District of Columbia Court of Appeals.

Aug. 8, 1996.

Before STEADMAN *, FARRELL, and KING, Associate Judges.

## ORDER

PER CURIAM.

In this case, decided by this court in September 1995 (*Jonathan Woodner Co. v. Breeden*, 665 A.2d 929 (D.C.1995)), a jury awarded compensatory damages in favor of the seven tenant-appellees for nuisance and intentional infliction of emotional distress against appellants, their landlord and two other defendants ("management"). The amount awarded on the emotional distress claim was $75,000 for some tenants and $80,000 for others. The jury also awarded punitive damages against all defendants.

We reversed the compensatory damage awards on the nuisance claims. We also reversed the punitive damages awards against all three defendants, but remanded, with respect to two of the defendants, for further proceedings. Finally, we affirmed the compensatory damage awards on the emotional distress claims. *Id.* at 943.

This matter is before the court on the tenants' "Emergency Motion for Issuance of Mandate to Permit Execution of Judgment for Compensatory Damages," management's opposition thereto, the tenants' reply to the opposition, and management's response to the reply. By this motion, the tenants are seeking to collect the compensatory damages awarded on the emotional distress claims, which we explicitly affirmed, without having to wait for resolution in the trial court of the remaining punitive damages claims. We have deferred ruling on this motion pending resolution of the separate petitions for rehearing or rehearing en banc that were filed by appellees and appellants. Those petitions were all denied[1] in a separate order of this court entered on July 25, 1996. We now consider the instant motion and although we do not formally grant the motion, we do order the ultimate relief sought by the tenants.

In their motion the tenants request that a partial mandate issue to permit them to execute on the judgments awarding compensatory damages on the emotional distress claims. The tenants reason that because this court has affirmed the compensatory damage awards on those claims, any issue of their entitlement to recover on those claims "has been conclusively and finally adjudicated." Management opposes the motion. Its main[2] argument is that the tenants may not execute until their entitlement to punitive damages has been retried to a jury. Management

---

* Believing that Super. Ct. Civ. R. 54(b), which prohibits the splitting by the trial court of a *single* cause of action for purposes of entering a final enforceable partial judgment, embodies a policy decision that should be applied uniformly, *see Merrell Dow Pharmaceuticals, Inc. v. Oxendine*, 593 A.2d 1023, 1026–27 (D.C.1991) (issue of ordering partial new trial "is quite different from that of determining when a final judgment may be entered"; "[t]hat Rule 54(b) *could* have drawn the line differently with respect to when final judgments might be entered does not answer the question where Rule 54(b) in fact *did* draw the line"), Judge Steadman dissents from the entry of this order.

1. The tenants' motion for rehearing was denied except for one minor revision in the opinion to clarify a point unrelated to the issues resolved in this order.

2. Management also argues that the compensatory damage awards on the emotional distress claims have not been finally resolved in the tenants' favor because management can still seek review in the Supreme Court on the ground that the jury selection process violated the requirement set down in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We rejected the *Batson* claim and management is free to seek Supreme Court review of our ruling on that issue if it wishes. If that course is taken, any stay of the mandate would be governed by applicable procedural rules of this court and the Supreme Court.

relies on this court's decision in *Merrell Dow Pharmaceuticals, Inc. v. Oxendine*, 593 A.2d 1023 (D.C.1991) (*Oxendine III*). But that case, unlike this one, involved the authority of the *trial court* under Superior Court Civil Rule 54(b) to enter final judgment as to compensatory damages while postponing trial on the issue of punitive damages. We held that the trial judge lacked that authority, because a claim for compensatory damages was not a "claim for relief" separate from that for punitive damages under the standard governing Rule 54(b) dispositions. *Id.* at 1025–26. Hence, we were compelled to dismiss the appeal for want of a final judgment or otherwise immediately reviewable order. *Id.* at 1028.

The present case, however, is quite unlike *Oxendine III* because it involves *this court's* authority to order relief. D.C.Code § 17–306 (1996) provides that this court "may affirm, modify, vacate, set aside or reverse any order or judgment ... lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate order ... or require such further proceedings to be had, as is just in the circumstances." *Id.* That grant of authority is sufficient to justify a determination by this court, for the reasons stated below, that appellees may execute upon the judgment for compensatory damages without awaiting retrial on punitive damages. *See, Adams v. George W. Cochran & Co.*, 597 A.2d 28, 36 (D.C.1991) (affirming back pay award, in wrongful discharge case, but remanding for new trial on question of damages for emotional distress suffered by employee); *Savoy Constr. Co. v. Atchison & Keller, Inc.*, 388 A.2d 1221, 1225 (D.C.1978) (In action to recover value of tools and equipment wrongfully converted, judgment affirmed as to all awards except for claims as to one piece of equipment which was remanded for retrial to determine damages on that claim only); *Alexander & Alexander, Inc. v. B. Dixon Evander & Associates, Inc.*, 88 Md.App. 672, 596 A.2d 687, 711–12 (1991) , *cert. denied*, 326 Md. 435, 605 A.2d 137 (1992), *appeal after remand*, 336 Md. 635,

650 A.2d 260, 266 (1994) (compensatory damages award affirmed, punitive damages award reversed and remanded for new trial; plaintiff collected the compensatory damages awarded in first trial before commencement of second trial for punitive damages only).

As further grounds for denying the plaintiffs in *Oxendine III* the remedy sought, we stated that neither of our prior decisions in that case "may fairly be characterized as [involving] a direct appeal from a final compensatory damage award." *Oxendine III, supra*, 593 A.2d at 1027. Neither decision arose from an "appeal[ ] from a final judgment in favor of the appellee." *Id.*[3] Therefore, we never passed upon the award of compensatory damages. In this case, by contrast, management has had every opportunity, in this appeal from a final judgment, to challenge both the finding of liability undergirding the compensatory awards and the size of the awards.

In that regard this case is more like *Robinson v. Sarisky*, 535 A.2d 901, 908 (D.C. 1988), where we upheld the trial court's determination that the issue of entitlement to punitive damages could be tried separately, before a different jury, from the trial on liability and compensatory damages. In *Robinson*, the jury returned a verdict finding liability and awarding compensatory damages, but could not agree on punitive damages. The trial court granted a mistrial on the punitive damages claim and ordered a new trial, over defense objection, on that issue alone. After a second jury awarded punitive damages, the defendant appealed, challenging the award of compensatory damages and claiming that it was denied a fair trial on the punitive damages issue because the issues of punitive damages and of liability/compensatory damages were so intertwined. In affirming, we found no basis for disturbing the award of compensatory damages. In addition, although we recognized that in some circumstances the liability/compensatory damages and punitive damages issues would be so interwoven that they could

---

**3.** "[T]he first appeal was from the entry of a judgment in favor of Merrell Dow, notwithstanding the verdict, and the second appeal was from an order granting a new trial on the ground that an expert witness 'grossly misrepresented' his credentials.... Both appeals dealt with issues of liability, not damages." *Oxendine III, supra*, 593 A.2d at 1027.

not be separated, we held that the trial court did not err in conducting a separate trial to determine punitive damages only. We did so because we concluded, under the circumstances present there, that the question of entitlement to punitive damages could be fairly tried separately from the issues of liability and compensatory damages.

We now turn to the same question in this case, *i.e.,* would a retrial on the sole issue of punitive damages be unfair to management? Although that question is one this court is fully capable of making, we would ordinarily leave it to the trial court, in the first instance, to pass on that point. We would do so because of the trial court's greater familiarity with the circumstances of the particular case. Thereafter, any review by us of the trial court's ruling on the point would be deferential. *Id.* at 908 (review for abuse of discretion). Here, however, the judge, who presided over the trial that took place some seven years ago, has long since retired.[4] Because that judge has not taken senior status,[5] she will not be available to resolve this issue. Therefore, if we were to defer to the trial court, the resolution of this issue would necessarily have to be made by a judge who is unfamiliar with a record that includes thousands, upon thousands, of pages of transcripts and other papers. We think it unlikely that any judge of the trial court, new to this case, could become any more knowledgeable of the contents of this record than we are, having recently decided numerous related issues in the appeal. Moreover, we note that the bulk of the conduct giving rise to the emotional distress claim occurred in 1979 and 1980, over sixteen years ago. We see no basis for further delaying the tenants' opportunity to collect on the relatively modest compensatory damage awards made in this case.

For all these reasons we think it appropriate to make the determination ourselves, rather than remand for that purpose. And, based on our own familiarity with this record, we are satisfied that the liability and compensatory damages issues on one hand, and punitive damages issues, on the other, are discrete and that a trial on punitive damages alone will be unaffected by our affirmance of the compensatory damage awards and the collection by the tenants of the sums awarded.

We do not doubt that in this case, some of the evidence previously presented to establish liability will also be relevant to the punitive damages claim. We see no reason, however, why that circumstance will confuse the jury. As we said in *Robinson,* the "second jury [will make] its own finding [on the issue of malice based] on evidence presented to it at the second trial—essentially the same as that presented at the first trial." *Id.* Nor is there any reason to believe the defense, at a trial on punitive damages, will be hindered in presenting its defense by inability to relitigate issues concerning the compensatory damage award. *Id.* Moreover, while *Oxendine III* was arguably an "example" of how compensatory and punitive damage awards can be intertwined, management has asserted no way in which the two are interwoven here. The problem we identified there—that the jury's verdict rested on multiple theories of liability, *id.* at 1027–28—is absent here because the only theory of liability upheld in this case is intentional infliction of emotional distress, on which the jury awarded the tenants discrete damages. In sum, on this record, the two issues are independent and a retrial on punitive damages provides no basis for further delay in letting appellees' execute upon the compensatory damage awards.

For all of these reasons we hold that once the mandate has been received in the trial court, the tenants may seek to collect upon the judgment entered awarding them compensatory damages on the emotional distress claim.

SO ORDERED.

---

4. District of Columbia Courts Annual Report 40 (1991).

5. District of Columbia Courts Annual Report 47–48 (1995).